Dear Ms. Davis:
This office has received your request for an official Attorney General Opinion in which you asked the following questions:
 1. When a request for workers' compensation claims information is made by a legislator pursuant to 85 O.S.Supp. 2009, § 110[85-110](B)(2)(a) for research purposes or for unstated purposes, must the Workers' Compensation Court's disclosure of the information be made in such a manner that the disclosed information cannot be used to identify any worker who is the subject of a claim? In particular, must the compensation filer's name, address, telephone number, social security number and the Court file number, be redacted pursuant to 85 O.S.Supp. 2009, § 110[ 85-110](B)(2)(d) or disclosed pursuant to 85 O.S.Supp. 2009, § 110[85-110](B)(2)(a)?
 2. May the Workers' Compensation Court ask a requester of workers' compensation claims information who asserts an 85 O.S.Supp. 2009, § 110[85-110](B)(2)(a) exemption from the written request and search fee requirements of 85 O.S.Supp. 2009, § 110[85-110](B)(2)(1) to disclose information sufficient to allow the Court to determine whether or not the exemption applies, and if a redaction is appropriate per 85 O.S.Supp. 2009, § 110[85-110](B)(2)(d)?
 INTRODUCTION
Both of your questions relate to a request made to the Workers' Compensation Court to view or copy workers' compensation claim case files under the provisions of 85 O.S.Supp. 2009, § 110[85-110]. Section 110(B)(1) requires that: (1) request for access to workers' compensation claim files be made "in writing, on a form prescribed by the Administrator," (2) that the request forms "require identification of the person requesting the information and the person for whom a search is being made," and (3) that the request form "contain an affidavit signed by the requester under penalty of perjury [stating] that the information sought *Page 2 
is not requested for a purpose in violation of state or federal law." Section 110(B)(1) also requires that those making a request pay a search fee. In its entirety, Section 110(B)(1) of Title 85 reads:
 All requests made to the Workers' Compensation Court for information on prior workers' compensation claims involving a worker, including written inquiries about prior claims and requests to access a worker's compensation claim file, must be in writing, on a form prescribed by the Administrator, and accompanied by a fee of One Dollar ($1.00) per search request, not to exceed One Dollar ($1.00) per claims record of a particular worker. The fee shall be deposited to the credit of the Administrator of Workers' Compensation Revolving Fund created by Section 95 of this title. The form shall require identification of the person requesting the information, and the person for whom a search is being made if different from the requester. The form must contain an affidavit signed by the requester under penalty of perjury that the information sought is not requested for a purpose in violation of state or federal law. The form must be used by all repositories of archived Workers' Compensation Court claim files. All request forms shall be maintained by the Administrator as a public record, together with a record of a worker's written authorization permitting a search indexed by the worker's social security number as required by Section 3113 of Title 74 of the Oklahoma Statutes. The request forms and authorizations shall be indexed alphabetically by the last name of the worker.
Id. (emphasis added).
Subsection (B)(1) quoted above, is immediately followed by subsection (B)(2) which contains a list of requests to which subsection (B)(1)'s requirements do not apply. Subsection (B)(2)'s list of these exceptions provides:
This subsection shall not apply:
 a. to requests for claims information made by a public officer or by a public employee in the performance of his or her duties on behalf of a governmental entity
or as may be allowed by law,
 b. to requests for claims information made by an insurer, self-insured employer, third-party claims administrator, or a legal representative thereof, when necessary to process or defend a worker's compensation claim,
 c. when a worker or the worker's representative requests review of the worker's claims information, *Page 3 
 d. when the disclosure is made for educational or research purposes and in such a manner that the disclosed information cannot be used to identify any worker who is the subject of a claim,
 e. to requests for claims information made by a health care or rehabilitation provider or the provider's legal representative when necessary to process payment of health care or rehabilitation services rendered to a worker, and
 f. to requests for claim information made by an employer or personnel service company (including but not limited to an individual or entity) where the worker executes a written authorization permitting the search and designating the employer or personnel service company as the worker's representative for that purpose; however, nothing in this subparagraph shall relieve the employer or personnel service company from complying with the requirements of utilizing the form set forth in paragraph 1 of this subsection.
Id. (emphasis added).
Your questions deal with two separate and independent exceptions to subsection (B)(1)'s search fee and written request requirements:
 1. The exception for public officers or public employees in the performance of their duties; and
 2. The exception for disclosure for education and research purposes when the disclosure is made in such a manner that disclosed information cannot be used to identify any worker who is the subject of a claim.
 I. EXEMPTION FOR PUBLIC OFFICERS AND EMPLOYEES IN THE PERFORMANCE OF THEIR DUTIES
 a. REQUEST IN PERFORMANCE OF DUTY
A request for a workers' compensation claim file by a legislator may or may not fall under the first exception from the search fee and written request requirements of 85 O.S.Supp. 2009, § 110[85-110](B)(1). Certainly, a member of the Oklahoma Legislature would be a public officer entitled to the exception provided for at Section 110(B)(2)(a). Yet, not every request to view workers' compensation claim information made by a legislator would fall within that exception, because to fall within the exception the request must be made by a public officer or public employee "in the performance of his or her duties on behalf of a governmental entity." Id. Thus, for example, a request for claims information by a legislator who is also an insurance agent requesting to see claims information for insurance business *Page 4 
purposes would not fall within the exception, because the request would not be being made "in the performance of his or her duties on behalf of a governmental entity." Id. *Page 5 
 b. REQUEST FOR RESEARCH OR EDUCATION PURPOSES
It is also possible that a request made by a legislator in the performance of his or her duties would also come within the exception provided at 85 O.S.Supp. 2009, § 110[85-110](B)(2)(d), when the request is made for research or education purposes and the disclosure is made in a manner that the "information cannot be used to identify any worker who is the subject of a claim." Id. This does not mean, however, that every request made by a legislator for research or education purposes in the performance of his duties would fall within subsection (B)(2)(d)'s exception, because not every request for research or education purposes would involve release of the requested information in a form that could not be used to identify the workers who are the subject of the claims.
Section 110(B)(2)(d) of Title 85 merely creates an exception from the search fee and written requests requirements; it does not establish a requirement that individual identification information of claimants be kept confidential when a request is made for education or research purposes. Rather, when a request is made for research or education purposes and the information is disclosed in a manner that the disclosed information cannot be used to identify any worker who is the subject of a claim, the search fee and written request requirements of Section 110(B)(1) do not apply to the request.
A request made by a public officer or public employee in the performance of his or her duties may be for various purposes, and thus the information needed and the form in which it is needed might vary widely. For example, the Department of Human Services Child Support Enforcement Division might need and request claims information that contains all of the claimant identifying information in order to perform their duties in collecting child support from individual claimants. On the other hand, a legislator might need general information in researching the need for legislation and accordingly not need information that could be used to identify workers who are the subject of the claim. In short, when a public officer, such as a legislator, makes a request for workers' compensation claims file information in the performance of his or her duties, such a request, under the provisions of 85 O.S.Supp. 2009, § 110[85-110](B)(2)(a) is exempt from the written request requirements and search fee requirements of Section 110(B)(1).
Whether, in responding to such a request the Court should provide the claimant information in such a manner that it cannot be used to identify any worker who is the subject of a claim, depends upon the needs of the requester. Some requesting officers will need claimant identification information to perform their duties while others will not. Section 110(B)(2)(d) of Title 85 does not require that if a request by a legislator in the performance of his or her duty is for research or education purposes that claimant identification information not be disclosed. Accordingly, the Workers' Compensation Court must decide on a case by case basis whether to provide the requested workers' compensation claim case file information in a form that can be used to identify the workers who are the subjects of the claim files. *Page 6 
 II. ABILITY OF THE WORKERS' COMPENSATION COURT TO SEEK SUFFICIENT INFORMATION FROM A REQUESTER TO DETERMINE WHETHER A REQUEST FALLS WITHIN ANY OF THE EXCEPTIONS FROM THE SEARCH FEE AND WRITTEN REQUEST REQUIREMENTS OF 85 O.S.SUPP.2009, § 110(B)(1)
In your second and final question you ask whether the Workers' Compensation Court may make inquiries of a requester who asked for workers' compensation claim file information to determine whether the request falls within any of the exceptions from the search fee and written request requirements of 85 O.S.Supp. 2009, § 110[85-110](B)(1).
A determination of whether any request to view and copy workers' compensation claims file information falls within an exception from the search fee and written request requirements of 85 O.S.Supp. 2009, § 110[85-110](B)(1) must be made on a factual basis. That is, it must be decided based upon the facts surrounding each request. Accordingly, the Workers' Compensation Court may ask questions to determine the nature of the request, whether a public official is making the request as part of his or her duties or for some other purpose. In like manner, the Court may make inquiries of other requesters to determine, for example, whether the request is for research or education purposes, and if so, whether the information can be provided in a form that will not permit identification of any worker who is the subject of a claim. Until such questions are answered, it is impossible for the Workers' Compensation Court to know whether the request falls into the exceptions provided for at 85 O.S.Supp. 2009, § 110[85-110](B)(2). Thus, it is appropriate for the Court to make such inquiries.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The procedure used to request that the Workers' Compensation Court provide access to both open and closed workers' compensation claim files is governed by the provisions of 85 O.S.Supp. 2009, § 110[85-110]. Under the provisions of Section 110(B)(1), requesters seeking to view workers' compensation claim files are required to pay a search fee and make their requests on a form prescribed by the Administrator. The subsection mandates that the request form require the identification of the person requesting the information and the person for whom the request is made, if different from the requester, and that the form contain an affidavit signed by the requester under a penalty of perjury stating that the information sought is not requested for a purpose in violation of state or federal law.
 2. Section 110(B)(2) of Title 85 contains a list of requests for access to workers' compensation files that are exempt from the search fee and *Page 7 written request requirements of Section 110(B)(1). Included within those exemptions are two independent and separate exceptions:
 • An exception for requests for claims information made by a public officer or by a public employee in the performance of his or her duties on behalf of a governmental entity, and
 • An exception for requests where the disclosure is made for educational or research purposes and is made in such a manner that the disclosed information cannot be used to identify any worker who is the subject of a workers' compensation claim.
 See id. § 110(B)(2)(a), (d).
 3. The exemption provided at 85 O.S.Supp. 2009, § 110[ 85-110](B)(2)(a) covering "requests for claims information made by a public officer or by a public employee in the performance of his or her duties on behalf of a governmental entity," does not cover all requests made by public officers and employees. Rather, the exemption only applies to requests made by them in the performance of their duties. This exemption applies to requests made by legislators in the performance of their duties.
 4. A separate exemption provided at 85 O.S.Supp. 2009, § 110[85-110](B)(2)(d) covers instances "when the disclosure is made for educational or research purposes and [disclosure] in such a manner that the disclosed information cannot be used to identify any worker who is the subject of a claim." This subsection merely establishes an exemption from the search fee and written request requirements of 85 O.S.Supp. 2009, § 110[85-110](B)(1); it does not create a requirement that claimant identity information be kept confidential when disclosing workers' compensation records for education or research purposes.
 5. Because requests made for access to workers' compensation claim files by public officers, such as legislators in the performance of their duties may be made for various purposes, the information needed by the officer and the form in which it is needed varies widely. When a public officer, such as a legislator in the performance of his or her duties makes a request for workers' compensation claim files for research purposes, there is no requirement imposed by 85 O.S.Supp. 2009, § 110[85-110] that in responding to that request, claimant identity information be kept confidential. Whether such information is made available in response to *Page 8 the request must be made on a case by case basis, based upon the request made and the needs of the requester.
 6. When a request is made for access to workers' compensation files, the Workers' Compensation Court may ask questions of the requester to determine whether the request falls into one of the exemptions from the search fee and written request requirements of 85 O.S.Supp. 2009, § 110[85-110](B)(1).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ATTORNEY GENERAL *Page 1